IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BILLY T. GATEWOOD,
    Petitioner

v.     CIVIL ACTON NO. 00-CV-6116

THE ATTORNEY GENERAL OF THE
STATE OF PENNSYLVANIA, et al.,
    Respondents.

**MEMORANDUM**

O'NEILL J.                 June 1, 2015

  Presently pending is Petitioner's "Motion in Request for This Respected Court to Take Stewardship of State Habeas Corpus, to Compel Respondent to Answer Federal Habeas Corpus on the Basis of the Filed Motion Rule 60(b)." Petitioner argues that he is entitled to relief pursuant to the decisions in *Martinez v. Ryan*, 566 U. S. ___, 132 S. Ct. 1309 (2012), and *Cox v. Horn*, 757 F.3d 113 (3d Cir. 2014). However, Petitioner's Rule 60 motion is not timely and this court does not have jurisdiction to "take stewardship of" Petitioner's state *habeas corpus* proceedings as requested.[1] Therefore, the instant motion will be denied.

  Rule 60(b) provides, in relevant part, that relief from judgment may be granted on the following grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or

---

[1] Petitioner's petition for *habeas corpus* relief, filed on December 4, 2000, was denied on May 30, 2001 because it was untimely. The Court of Appeals for the Third Circuit denied his request for a certificate of appealability on March 12, 2002.

> otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed.R.Civ.P. 60(b). "All motions filed pursuant to Rule 60(b) must be made within a 'reasonable time.'" *In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Prod. Liab. Litig.*, 383 F. App'x 242, 246 (3d Cir. 2010). "What constitutes a 'reasonable time' under Rule 60(b) is to be decided under the circumstances of each case." *Id.* (citation omitted). "As a general matter, a Rule 60(b)(6) motion filed more than one year after final judgment is untimely unless 'extraordinary circumstances' excuse the [party's] failure to proceed sooner." *Ortiz v. Pierce*, No. 08-4877, 2014 WL 3909138, at *1 (D. Del. Aug. 11, 2014 (*citing Ackerman v. United States*, 340 U.S. 193, 202 (1950)).

The court concludes that Petitioner's instant Rule 60(b) motion, in which he seeks relief from the court's Order dated March 30, 2001, denying his petition for *habeas corpus* relief, was not filed within a reasonable time. Petitioner filed the instant motion more than 14 years after the entry of the court's Order denying his petition for *habeas corpus* relief.

The court first notes that in *Martinez*, the Supreme Court held that "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, [i.e., a collateral proceeding that provides the first occasion for a defendant to raise a claim that trial counsel was ineffective,] a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Id.* at 1320. *Martinez* effected a change in the Supreme Court's habeas corpus jurisprudence, which previously had not recognized a claim for ineffective assistance of counsel at the post-trial stage

2

that would excuse procedural default of a petitioner's claim. Recognizing this, in *Cox* the Court of Appeals provided guidance for district courts considering *Martinez* based Rule 60(b) motions in *habeas* cases and remanded the petitioner's Rule 60(b) motion to the district court for reconsideration in light of that guidance. *Cox,* 757 F.3d at 124.

In *Cox,* the Court of Appeals made clear "at the outset that one of the critical factors in the equitable and case-dependent nature of the 60(b)(6) analysis ... is whether the 60(b)(6) motion was brought within a reasonable time of the *Martinez* decision." *Cox,* 757 F.3d at 115-16. The panel did not provide a specific time frame that it deemed reasonable, stating only that the petitioner's motion, which was filed 90 days after the *Martinez* decision, "[wa]s close enough to that decision to be deemed reasonable." *Id.* at 116. However, the panel warned that "unless a petitioner's motion for 60(b)(6) relief based on *Martinez* was brought within a reasonable time of that decision, the motion will fail." *Id.*

The Supreme Court filed its opinion in *Martinez* on March 20, 2012. Petitioner filed the instant Rule 60 motion on April 8, 2015, more than three years after *Martinez* was decided and any possible exception to the rule barring procedurally defaulted claims created. Moroever, Petitioner also relies on *Cox* to support his claim for relief. His reliance thereon is misplaced because *Cox* simply provides courts with guidance to analyze *Martinez* claims.

Finally, despite his arguments to the contrary Petitioner fails to present "extraordinary circumstances" which justify his delay in filing. *See Zahl v. Harper*, 403 F. App'x 729, 733-734 (3d Cir. 2010). Therefore, this court is compelled to conclude that Petitioner's motion was not timely filed. A certificate of appealability shall issue only if a petitioner establishes "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district

court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595 (2000). The court concludes that Petitioner has not made such a showing with respect to his motion. Therefore, a certificate of appealability will not issue.

An appropriate Order follows.